1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT

10                             DISTRICT OF NEVADA

11                                      * * *

12    FREEDOM MORTGAGE CORPORATION,        Case No. 2:11-cv-01403-MMD-GWF
      a New Jersey corporation,
13
                             Plaintiff,                    ORDER
14
                                          (Def.'s Motion for Extension of Time to File
15          v.                             Dispositive Motions – dkt. no 95)

16    TROVARE HOMEOWNERS
      ASSOCIATION, a Nevada corporation;
17    TRIPLE BRAIDED CORD, LLC, as trustee
      of the HR TRUST; GERARDO GOMEZ, an
18    individual, and DOES 1 through 10
      inclusive,
19
                             Defendants.
20

21

22    I.    SUMMARY

23          Before the Court is Defendant Triple Braided Cord, LLC's, as Trustee of the HR

24    Trust ("HR Trust"), Motion for Extension of Time to File Dispositive Motions. (Dkt. no.

25    95.)  Although the deadline for filing dispositive motions has passed, HR Trust requests

26    the Court's permission to file a dispositive motion based on the Real Estate Division of

27    the Department of Business and Industry for the State of Nevada's recent advisory

28    opinion  clarifying  the  application  of  "super  priority"  liens  given  to  Home  Owner

1   Associations by NRS 116.3116(2)(c).[1]  HR Trust argues that, under NRS 116.3116(2)(c),

2   HOA liens are given statutory priority even over first security interests. Consequently,

3   when Defendant Trovare foreclosed on its HOA lien, Plaintiff Freedom Mortgage's

4   security interest in the property was extinguished in the foreclosure sale.   HR Trust

5   asserts that the Real Estate Division only clarified the meaning of this statute in its

6   December 12, 2012M opinion, after the dispositive motion deadline and after the Court,

7   citing the Replacement doctrine, denied HR Trust's Motion for Summary Judgment.  HR

8   Trust argues that an extension is warranted because the recent clarification obviates the

9   Court's concerns relating to the Replacement doctrine.

10        HR Trust's reliance on the advisory opinion, however, is misplaced. First, the

11   advisory opinion does not present any change in the law.  The "super priority" provision

12   of NRS 116.3116(2)(c) has been in place since 1991 and, as Plaintiff points out, the

13   advisory opinion is a largely recycled version of an advisory opinion previously issued by

14   the Nevada Financial Institutions Division.[2]   Moreover, the substance of the advisory

15   opinion does not address the meaning or applicability of the "super priority" provision, but

16   rather simply seeks to clarify what portion of an HOA lien qualifies for super priority.

17   Consequently, the advisory opinion does not present new law and Defendant could have

18   brought any argument arising under NRS 116.3116(2)(c) before the dispositive motion

19   deadline had expired.  The issuance of the newest advisory opinion does not justify an

20   extension.

21

22        [1]NRS 116.3116(2)(c) states that an HOA lien is "prior to all [first security interests] to the extent of any charges incurred by the association on a unit pursuant to NRS

23   116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would

24   have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted

25   by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien."

26
        [2]The Real Estate Division's advisory opinion came after the Nevada Supreme

27   Court determined that only the Real Estate Division and the Commission for Common Interest Communities and Condominium Hotels were authorized to interpret NRS

28   chapter 116.

1   More importantly, this Court has had opportunity to interpret the "super priority"

2   provision of NRS 116.3116(2)(c) and has held that foreclosure by an HOA does not

3   eliminate a first security interest. *See Weeping Hollow Ave. Trust v. Spencer*, No. 2:13-

4   cv-00544-JCM-VCF, 2013 WL 2296313, at *4-7 (D. Nev. May 24, 2013).   Rather, the

5   "super priority" provision simply provides that a junior HOA lien survives the foreclosure

6   proceedings initiated by the first security interest holder and any subsequent buyer takes

7   subject to the HOA (unless the lien is satisfied by someone else).   *First 100, LLC v.*

8   *Wells Fargo Bank, N.A.*, No. 2:13-cv-00431-JCM-PAL, 2013 WL 3678111, at *6 (D. Nev.

9   July 11, 2013). Thus, under this Court's precedent, HR Trust's argument is without merit.

10   Any supposed support of HR Trust's position from a non-binding advisory opinion is

11   inconsequential.  For these reasons, the Motion is denied.

12   IT IS SO ORDERED.

13   DATED THIS 29th day of July 2013.

15   _____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28