1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                                    DISTRICT OF NEVADA

8                                           * * *

9   FREEDOM MORTGAGE CORPORATION,        Case No. 2:11-cv-01403-MMD-GWF
    a New Jersey corporation,

10                              Plaintiff,            ORDER

11      v.
                                          (Plf.'s Motion to Reconsider and Amend
12  TROVARE HOMEOWNERS                         the Court's Order – dkt. no. 87)
    ASSOCIATION, a Nevada corporation;
13  TRIPLE BRAIDED CORD, LLC, as trustee
    of the HR TRUST; GERARDO GOMEZ, an
14  individual, and DOES 1 through 10
    inclusive,
15                              Defendants.

16

17

18  I.      SUMMARY

19          Before the Court is Plaintiff Freedom Mortgage Corporation's Motion to

20  Reconsider and Amend the Court's Order. (Dkt. no. 87.)   Plaintiff asks the Court to

21  reconsider its Order (dkt. no. 86) denying Plaintiff's Motion for Summary Judgment (dkt.

22  no. 59).  The Court held a hearing pertaining to this Motion on August 22, 2013. For the

23  reasons discussed below, the Motion is denied.

24  II.     BACKGROUND

25          The Court only presents a brief factual synopsis as the specific facts of the case

26  are described in the Court's prior Order. (Dkt. no. 86.)   In 2008, Plaintiff Freedom

27  Mortgage Corporation ("Plaintiff") properly recorded a Deed of Trust (the "2008 DOT") on

28  a property (the "Property"). In 2009, Plaintiff and the borrower renegotiated the

underlying loan, and Plaintiff recorded another Deed of Trust (the "2009 DOT") and, two weeks later, released the 2008 DOT. However, before the 2009 DOT was recorded, Defendant Trovare Homeowners Association ("Trovare") recorded an HOA lien against the Property (the "Intervening Lien").

Trovare eventually foreclosed on the Property and, with proper notification provided to Plaintiff, sold the Property to Defendant Triple Braided Cord, LLC, trustee of the HR Trust ("HR Trust").  Two years after the sale, Plaintiff brought this action for declaratory relief to affirm that its security interest was not extinguished in the foreclosure sale.  HR Trust counterclaimed for a declaratory judgment contrarily affirming that it had purchased the Property free and clear of all encumbrances through the foreclosure sale.

Both parties moved for summary judgment.  In denying both motions, the Court held that Nevada law would recognize the doctrine of replacement, which allows for a later-in-time mortgage to be subrogated to the priority position of a prior mortgage from the same lender. However, the Court also found that one of the two exceptions to replacement applied and unresolved questions of material fact related to that exception precluded summary judgment. Plaintiff now seeks reconsideration on the Court's decision relating to the applicability of the second exception.

III.     DISCUSSION

        A.     Legal Standard

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than twenty-eight (28) days after entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling

1   law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th

2   Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.

3   1999)).

4         Under Rule 60(b), a court may relieve a party from a final judgment, order or

5   proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or

6   excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a

7   satisfied or discharged judgment; or (6) any other reason justifying relief from the

8   judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule

9   60(b)(6) must be requested within a reasonable time, and is available only under

10   extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d

11   1338, 1341 (9th Cir. 1981) (internal citations omitted).

12         **B.    Analysis**

13         The Court did not commit clear error in its previous Order and no extraordinary

14   circumstances exist to grant reconsideration. The challenged exception to the

15   replacement doctrine states that replacement does not apply "to the extent that one who

16   is protected by the recording act acquires an interest in the real estate at a time the

17   senior mortgage is not of record." Restatement (Third) of Prop.: Mortgages § 7.3(a)(2).

18   In its prior Order, the Court reasoned that a bona fide purchaser is "one who is protected

19   by the recording statutes" and further, if a purchase occurs after a senior mortgage has

20   been released, the acquisition is "at a time the senior mortgage is not of record." The

21   Court concluded that because HR Trust's consultation of the property records would

22   reveal that the Intervening Lien was senior to all other active encumbrances, it may have

23   been a bona fide purchaser. Consequently, replacement might not apply. However, the

24   Court agreed with Plaintiff that the temporal proximity in the property records of the 2009

25   DOT's recording to the 2008 DOT's release may have put HR Trust on notice of — or at

26   least created a duty to inquire about — a refinancing transaction. Further, other facts

27   surrounding the foreclosure sale may have indicated HR Trust's actual notice of

28   ///

1    Plaintiff's equitable interest. Nonetheless, as the facts were undeveloped and the
2    specific issue inadequately briefed, a dispositive decision was inappropriate.

3          Plaintiff contends that the second exception only has application to parties filing
4    intervening liens, not to any party purchasing the property after the replacement
5    transaction has concluded.  Specifically, Plaintiff asserts that "at the time the senior
6    mortgage is not of record" can only refer to the circumstance where the prior mortgage is
7    released before the replacement mortgage is recorded, and an intervening interest is
8    recorded in that gap. Thus, Plaintiff argues, because Trovare recorded while the 2008
9    DOT was still of record, the exception is inapplicable, and Trovare remained junior.
10   Plaintiff further argues that because Trovare could not sell or foreclose on a greater
11   interest than it held, HR Trust's subsequent purchase could not have extinguished
12   Plaintiff's interest.

13         The Court initially notes that Plaintiff's argument is a more detailed recitation of an
14   argument advanced in its Motion for Summary Judgment.  A motion for reconsideration
15   is not a mechanism for re-arguing issues presented in the original filings, *Backlund v.*
16   *Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).  The purpose of Rules 59(e) and 60(b) is
17   not "to give an unhappy litigant one additional chance to sway the judge." *Durkin v.*
18   *Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).  Plaintiff's reassertion of this argument is
19   inappropriate and insufficient to satisfy the standard.

20         Moreover, Plaintiff's construction of the second exception is flawed.  Plaintiff's
21   argument rests on the proposition that once the replacement mortgage has been
22   recorded, by operation of law, it becomes the senior lien *of record* and is transformed
23   into the "senior mortgage" to which § 7.3 refers. Consequently, any future purchaser
24   necessarily records at the time the senior mortgage *is* of record and thus, the exception
25   is  inapplicable  to  subsequent  purchasers.  Plaintiff  avers  that  the  illustrations
26   accompanying § 7.3 bear this out.

27         However, Plaintiff's strained restriction on the meaning of "at a time the senior
28   mortgage is not of record" creates uncertainty in the recording system. Replacement is

4

1   an equitable doctrine which resolves priority disputes between the holder of a
2   replacement mortgage and an intervening interest. Its function is to preserve the original
3   expectations of the parties, prevent windfalls to an intervening junior lienholder, and
4   allow borrowers to obtain refinancing. It does not, however, make a replacement
5   mortgage a senior security interest *of record*.   In other words, a potential buyer
6   consulting the property records would not observe the replacement mortgage in the first
7   priority position.  Consequently, Plaintiff's construction would result in uncertainty to third
8   parties consulting the property records because the senior lien of record might not
9   actually occupy the first priority position in the record itself.

10   Further, Plaintiff's reliance on the illustrations contained in the Restatement is
11   misplaced.  The illustrations neither indicate that the replacement mortgage becomes the
12   senior mortgage *of record* nor do they address the issue of a third party purchaser in any
13   way.  Rather, the illustrations indicate only that, as between the replacement mortgage
14   and an intervening interest, the replacement mortgage will be given priority.  This point is
15   not in dispute.  Indeed, as the Court previously noted, had Plaintiff asserted its rights
16   earlier against Trovare, the question would have been easily resolved because Trovare's
17   expectation at the time of *its* recording was that it would assume the status of a junior
18   lienholder.  Thus, the illustrations merely illuminate what is undisputed; they do not
19   specifically address the crux of the instant matter.

20   Rather, Plaintiff's delay in resolving the priority dispute and the subsequent
21   purchase by a third party calls into question the expectations of that third party at the
22   time of recording. Because replacement is an equitable doctrine, the Court must
23   consider what those expectations were and if it would be equitable to upset them.
24   Whether the timing and other circumstances surrounding the 2009 DOT's recording and
25   the 2008 DOT's subsequent release are sufficient to constitute constructive notice to a
26   reasonable buyer is a question of fact. Additionally, the factual record regarding the
27   actual notice of Plaintiff's interest that HR Trust may have had is still incomplete.

28   ///

1    Therefore, there is no clear error on the part of the Court, and Plaintiff has not

2  demonstrated extraordinary circumstances sufficient under the standard.

3  **IV.    CONCLUSION**

4    IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider and Amend

5  the Court's Order is DENIED.

6

7    DATED THIS 23rd day of August 2013.

8

9                                                    MIRANDA M. DU
                                                     UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28