UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION, a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>TROVARE HOMEOWNERS ASSOCIATION, a Nevada corporation; TRIPLE BRAIDED CORD, LLC, as trustee of the HR TRUST; GERARDO GOMEZ, an individual, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:11-cv-01403-MMD-GWF<br><br>ORDER |

Before the Court is Defendant's Emergency Motion to Stay And/Or Injunction Pending Appeal. (Dkt. no. 146.)

The facts of this case are recited in the Court's previous orders, including the order resolving cross-motions for summary judgment, order denying motion for reconsideration and Bench Order. (Dkt. nos. 86, 120, 128.) The Court resolved factual issues at a bench trial held on February 23, 2014, and rendered judgment in favor of Plaintiff Freedom Mortgage Corporation ("Freedom"). Defendant Triple Braided Cord, LLC, as trustee of the HR Trust ("HR Trust") pursues an appeal and now seeks a stay, or in the alternative, an injunction to stop a foreclosure sale of the property at issue scheduled for June 23, 2014.

A stay pending appeal is a matter of judicial discretion. *Nken v. Holder*, 556 U.S. 418, 434 (2009). "The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). A court must consider four factors in evaluating whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. "The first two factors of the traditional standard are the most critical." *Nken v. Holder*, 556 U.S. at 434

The Court does not find that it would be appropriate to exercise its discretion to grant the stay. HR Trust cannot demonstrate likelihood of success on the merits. In its emergency motion, HR Trust re-argues its two main legal arguments that the Court has considered and rejected — that the Doctrine of Replacement is not available or applicable in this case and the foreclosure upon the homeowners association lien eliminates a first security interest under Chapter 116 of the Nevada Revised Statutes.

It is therefore ordered that Defendant's Emergency Motion to Stay And/Or Injunction Pending Appeal (dkt. no. 146) is denied.

DATED THIS 20th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE