UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION, a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>TROVARE HOMEOWNERS ASSOCIATION, a Nevada corporation; TRIPLE BRAIDED CORD, LLC, as trustee of the HR TRUST; GERARDO GOMEZ, an individual, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:11-cv-01403-MMD-GWF<br><br>ORDER |

**I.    SUMMARY**

This dispute arises from a homeowners' association ("HOA") foreclosure sale and unfortunately has been caught in the cross currents of developing case law regarding HOA foreclosure sales in Nevada. Following a bench trial, the Court found the property at issue ("the Property") was still subject to Plaintiff Freedom Mortgage Corporation's ("Freedom") deed of trust. (ECF No. 138 at 11.) The Ninth Circuit Court of Appeals reversed and remanded for further proceedings in light of the Nevada's Supreme Court's decision in *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.,* 334 P.3d 408 (Nev. 2014) ("*SFR I*"). (ECF No. 153 at 3.) In the time since remand—more than three years—the parties have had to submit two sets of supplemental briefs to catch up with the evolving case law governing HOA foreclosure sales. (ECF Nos. 162-65, 177.) The Court now addresses the issues raised in these briefs.

///

## II. RELEVANT BACKGROUND

### A. Relevant Facts

The Bench Order made findings of facts supported by citations to the records. (ECF No. 138 at 2-5.) The Court partially recounts these facts for context.

In September 2008, Freedom loaned money ("the Loan") to Gerardo Gomez ("Gomez") to purchase the Property as evidenced in a promissory note ("the 2008 Note") secured by a first deed of trust ("2008 DOT"). (*Id.* at 2.) Less than a year later, on April 15, 2009, Gomez refinanced the Loan and executed another promissory note ("2009 Note") and deed of trust ("2009 DOT"). (*Id.* at 2-3.) The 2009 DOT was not recorded until the next month, on May 5, 2009. (*Id.* at 3.) In the intervening time, on April 27, 2009, Trovare Homeowners Association ("Trovare") recorded a Notice of Delinquent Assessment Lien ("the HOA Lien") against the Property. (*Id.*) Freedom released the 2008 DOT through a Substitution of Trustee and Deed of Reconveyance on May 19, 2009. (*Id.*) On June 17, 2009, Trovare caused a Notice of Default and Election to Sell under Homeowners Association Lien to be recorded against the Property. (*Id.*) Trovare subsequently sold the Property at a foreclosure sale to HR Trust on March 4, 2011 ("HOA Sale"). (*Id.* at 3-4.)

### B. Relevant Procedural History

Freedom brought this action against Triple Braided Cord, LLC, as trustee of HR Trust ("HR Trust"), and other defendants, asserting claims for quiet title and declaratory relief to establish that its security interest still encumbers the Property.[1] (*See* ECF No. 8 at 1-5.) HR Trust counterclaimed, asserting declaratory relief, quiet title, and breach of contract claims and seeking to establish that HR Trust purchased the Property free of any encumbrances. (ECF No. 32 at 9-13.)

In the order resolving the parties' cross motions for summary judgment, the Court addressed the seniority of the 2009 DOT in relation to the HOA Lien. (ECF No. 86 at 4.) The Court found that under the Restatement's doctrine of replacement, the 2009 DOT

---

[1] The Court subsequently granted Freedom and Trovare's stipulation to dismiss claims against Trovare. (ECF No. 58.)

would assume the priority position of the 2008 DOT, unless HR Trust was not within the class of bona fide purchasers who are protected under the recording statutes.[2] (*Id.* at 5-9.) The Court further found that disputed issues of fact exist as to whether HR Trust was within this class of bona fide purchasers. (*Id.*)

HR Trust subsequently moved to extend the dispositive motions deadline to permit it to raise a legal issue that HR Trust contended would obviate the need to resolve such a factual dispute. (ECF No. 95 at 3.) Specifically, HR Trust argued that the Real Estate Division of the Department of Business and Industry for the State of Nevada had issued an advisory opinion clarifying the application of superpriority liens given to HOAs under NRS § 116.3116(2)(c),[3] and that because of the HOA's superpriority lien status, the HOA Sale extinguished Freedom's first security interest even if the doctrine of replacement applied. (*Id.* at 5-6.) The Court denied HR Trust's request, finding its reliance on the advisory opinion to be misplaced and also finding that this Court had interpreted the Statute differently (and apparently wrongly as discussed below) such that foreclosure on the superpriority portion of an HOA lien does not eliminate a first security interest. (ECF No. 115 at 2-3.)

Following a bench trial, the Court found that HR Trust was not a bona fide purchaser because the facts within the official records for the Property put HR Trust on constructive

---

[2]Under this doctrine, a newly recorded mortgage assumes the priority position of a previous mortgage from the same lender when the newly recorded mortgage extinguishes and replaces the previous mortgage as part of the same transaction unless one of two exceptions applies. Restatement (Third) of Prop.: Mortgages § 7.3(a) (1997); (ECF No. 86 at 5-6 (finding that this doctrine is part of Nevada law)).

[3]Under NRS § 116.3116, a homeowners' association can establish a "lien on a unit for . . . any assessment levied against that unit or any fines imposed against the unit's owner from the time the . . . assessment or fine becomes due." NRS § 116.3116(1). Section 116.3116 further provides that such a lien "is prior to all other liens and encumbrances on a unit except," among other categories of liens, "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." *Id.* § 116.3116(2)(b). The statute, however, contains an exception to this exception, allowing a homeowners' association to establish a lien that takes priority over a first security interest for unpaid assessments over a 9 months period preceding the enforcement of the lien. NRS § 116.3116; *SFR I*, 334 P.3d at 413. Section 116.3116 was amended and reorganized in 2015. *See* 2015 Nev. Stat. 1331, 1334. For ease of reference, the Court will refer to this section as "the Statute."

3

notice of Freedom's interest. (ECF No. 138 at 5-11.) The Court thus concluded that the exception is not applicable, the doctrine of replacement applies, and HR Trust purchased the Property subject to Freedom's more senior 2009 DOT. (*Id.*)

The Ninth Circuit Court of Appeals reversed, finding the Court's judgment in favor of Freedom to be erroneous to the extent it was based on an interpretation of the Statute contrary to the Nevada Supreme Court's holding in *SFR I*. (ECF No. 153 at 3.) The court remanded for further proceedings, without prejudice to the parties raising arguments about the Statute's constitutionality. (*Id.*)

Following remand, the Court permitted supplemental briefs to be filed by the parties. The first set of simultaneous supplemental briefs were to address the applicability of the Statute to the facts of this case as well as federal preemption. (ECF Nos. 161, 162, 163, 164, 165.) In light of further developments of case law relating to the interpretation of the Statute,[4] the Court held a status conference for the parties to address the effect of such development. (ECF Nos. 169, 171.) At the status conference, the Court granted HR Trust's request for a stay pending resolution of the certified question pending before Nevada Supreme Court in *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018) ("*SFR II*"). (ECF No. 171.) The Court permitted the parties to file additional

///

///

---

[4]One such relevant development involved two decisions that set up a federal-state split in the interpretation and effect of the notice provisions found in the pre-2015 version of the Statute. First, in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, the Ninth Circuit held that the Statute's opt-in notice scheme is facially unconstitutional because it requires a lender with a first position deed of trust to affirmatively request notice of an HOA's intent to foreclose. 832 F.3d 1154, 1156 (9th Cir. 2016). Shortly thereafter, the Nevada Supreme Court in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 388 P.3d 970 (Nev. 2017), reached the opposite conclusion, finding that the Statute is not facially unconstitutional. Then recently, in *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1253 (Nev. 2018) ("*SFR II*"), the Nevada Supreme Court answered a certified question as to whether NRS § 116.3116 incorporates the mandatory notice provisions of NRS § 107.090. The *Bourne Valley* court essentially answered the question in the negative when it earlier rejected the argument of such incorporation. *Bourne Valley*, 832 F.3d at 1159. The Nevada Supreme Court answered in the affirmative, finding that NRS § 116.3116 did in fact incorporate the mandatory notice provisions of NRS § 107.090. *SFR II*, 422 P.3d at 1253. Thus, HOAs were required to provide foreclosure notices to all junior lienholders, even those who did not "opt in."

4

supplemental briefs after the stay was lifted. (ECF No 176.) Only Freedom filed a supplemental brief ("Second Brief"). (ECF No. 177.)

**III.    DISCUSSION**

As HR Trust presciently argued in seeking leave to file dispositive motions before the bench trial in this case, it was irrelevant whether the 2009 DOT replaced the 2008 DOT (and was therefore senior to the HOA Lien) because the HOA Sale extinguished Freedom's prior security interest. (ECF No. 96 at 5-6.) HR Trust's argument found support in subsequent cases issued by the Nevada Supreme Court. In fact, these cases compel a finding in favor of HR Trust's counterclaim for quiet title and declaratory relief; and Freedom's arguments in the supplemental briefs do not compel a different result.

Freedom stipulated that the HOA Sale "was conducted by Trovare in compliance with the notice requirements and other necessary provisions of NRS §116.3116." (ECF No. 57 at 2.) Freedom's challenge to the HOA Sale is limited to the constitutional challenges that the Court rejects as discussed below. The Court thus finds in favor of HR Trust on its counterclaim against Freedom and declares that the HOA Sale extinguished Freedom's 2009 DOT even if it was senior to the HOA Lien. *See SFR I*, 334 P.3d at 413 (holding that foreclosure sale on the superpriority portion of an HOA lien extinguishes all prior security interests).

Freedom argues that the Statute is unconstitutional because it requires lenders to affirmatively request notice of a foreclosure sale in violation of lenders' procedural due process rights. (ECF No. 163 at 10-16.) Freedom reiterates this argument in a subsequent brief, relying on *Bourne Valley*, 832 F.3d 1154. (ECF No. 177 at 5-6.) The Court rejects this argument because the Nevada Supreme Court recently held that the Statute incorporates the mandatory notice provisions of NRS § 107.090. *SFR II*, 422 P.3d at 1253. Additionally, in light of the Nevada Supreme Court's decision in *SFR II*, *Bourne Valley* is no longer controlling authority as it relates to this case. *See Bank of N.Y. Mellon v. Log Cabin Manor Homeowners Ass'n*, No. 2:15-cv-02026-MMD-CWH, 2019 WL 302489, at *2-3 (D. Nev. Jan. 23, 2019).

Freedom argues that the Property Clause of the Federal Constitution prevents extinguishment of the 2009 DOT because the 2009 DOT is federally insured. (ECF No. 163 at 16-19.) The Court disagrees. *See PHH Mortg. Corp. v. Saticoy Bay LLC*, No. 2:16-cv-02795-MMD-NJK, 2018 WL 357847, at *1 (D. Nev. Jan. 10, 2018) (rejecting property clause argument in case about mortgage that was FHA-insured at the time of the applicable homeowner's association foreclosure sale); *Las Vegas Dev. Group, LLC v. Yfantis*, 173 F. Supp. 3d 1046, 1052-53 (D. Nev. 2016) (same); *see also Renfroe v. Lakeview Loan Servicing, LLC*, 398 P.3d 904, 909 (Nev. 2017) (rejecting supremacy clause challenge to nonjudicial foreclosure sale conducted under the Statute that extinguished FHA-insured DOT).

Freedom argues that the extinguishment of the 2009 DOT constitutes an impermissible taking under the Federal Constitution and Nevada Constitution. (ECF No. 163 at 19-22.) The Court disagrees. *See Thunder Props., Inc. v. Treadway*, No. 3:15-cv-00141-MMD-VPC, 2016 WL 1298112, at *3 (D. Nev. Mar. 31, 2016) (rejecting the same takings argument); *see also Saticoy B*ay *Series 350 Durango 104 v. Wells Fargo Home Mortg., a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970, 975 (Nev. 2017) ("[W]e hold that the extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not constitute a governmental taking.").

Freedom argues that the Statute is unconstitutional because it violates Freedom's substantive due process rights under the Fourteenth Amendment to the Federal Constitution. (ECF No. 163 at 22-23.) Specifically, Freedom argues that the Statute deprives it of property and contractual rights. (*Id.* at 23.) The Court finds Freedom's argument unpersuasive. Freedom's property rights are protected under the Fifth Amendment of the Federal Constitution, and its contractual rights are protected under the Contract Clause. *See* U.S. Const. amend. V; art. I, § 10, cl. 1. Thus, a substantive due process analysis is inapplicable. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of

government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing' such a claim.").

Freedom argues that the decision in *SFR I* should not apply to the 2009 DOT because it predates the *SFR I* decision. (ECF No. 163 at 23-25.) The Court rejects this argument because the Nevada Supreme Court has held that *SFR I* applies retroactively. *K&P Homes v. Christiana Tr.*, 398 P.3d 292, 295 (Nev. 2017).

Freedom argues that the decision in *SFR I* conflicts with homeowner protection laws and violates public policy. (ECF No. 163 at 25-28.) HR Trust responds that the Nevada Supreme Court considered public policy arguments that were presented in numerous amicus briefs when it made its decision. (ECF No. 164 at 7.) The Court agrees with HR Trust that the Nevada Supreme Court considered public policy arguments when deciding *SFR I*. The Nevada Supreme Court has also declined to revisit this issue. *Wells Fargo Bank, N.A. v. NV Eagles, LLC*, 408 P.3d 545, 2017 WL 6541461, at *1 n.4 (Nev. 2017) ("We decline Wells Fargo's invitation to revisit [*SFR I*] on the ground that it conflicts with public policy that favors providing homeowners with options to avoid foreclosure."). Accordingly, the Court rejects this argument.

Freedom argues that HR Trust's claims for declaratory relief and quiet title are barred because the Nevada Supreme Court's decision in *Facklam v. HSBC Bank USA for Deutsche ALT-A Securities Mortgage Loan Trust*, 401 P.3d 1068 (Nev. 2017), implicitly overruled *SFR I*. (ECF No. 177 at 6-11.) The gist of Freedom's argument is that the Nevada Supreme Court concluded that a nonjudicial foreclosure constituted an "action" within the meaning of NRS § 116.3116(2) in *SFR I* but held that a nonjudicial foreclosure was not an "action" within the meaning of NRS § 11.190(1)(b) in *Facklam*. (*See id.* at 6-7.) Thus, Freedom argues, a nonjudicial foreclosure sale cannot extinguish a prior DOT. (*Id.*) The Court finds this argument unpersuasive because the court in *Facklam* did not purport to overrule *SFR I*. Given the significance of *SFR I*, the Court presumes that the Nevada Supreme Court would only overrule SFR I with express language demonstrating such an intent. In addition, the Nevada Supreme Court has continued to apply the decision

1  in *SFR I* after deciding *Facklam*. *See, e.g.*, *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*,
2  420 P.3d 559, 2018 WL 3025973, at *1 (Nev. 2018) (affirming district court finding that an
3  HOA foreclosure sale extinguished a mortgage lender's deed of trust based on *SFR I*).
4  Accordingly, the Court rejects this argument.

5  Freedom argues that HR Trust failed to provide any evidence to support its
6  contention that the assessment lien sale was a superpriority sale. (ECF No. 177 at 12.)
7  The Court finds this argument unpersuasive because Freedom has not identified authority
8  requiring HR Trust to expressly identify the sale as a "superpriority sale." Freedom cites
9  to *Nevada Association Services, Inc. v. Eighth Judicial District Court*, 338 P.3d 1250, 1254
10 (Nev. 2014), but the cited portion of that decision only demonstrates the general
11 proposition that the proponent of an affirmative defense carries the burden of proving that
12 defense. Moreover, it is not clear whether an HOA can split its lien—even when the HOA
13 unequivocally expressed such an intent. *See 7912 Limbwood Ct. Tr. v. Wells Fargo Bank,*
14 *N.A.*, No. 2:13-CV-00506-APG, 2015 WL 5123317, at *2 (D. Nev. Aug. 31, 2015), *aff'd*,
15 707 F. App'x 479 (9th Cir. 2017). Thus, in the absence of evidence to the contrary, the
16 Court assumes that HOA foreclosure sales are superpriority sales.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the Court's decision.

The Court declares that Trovare's HOA Sale extinguished Freedom's security interest in the Property and HR Trust purchased the Property free of Freedom's security interest. The Court thus grants judgment in favor of Defendant Triple Braided Cord, LLC, as trustee of HR Trust, on its counterclaim for declaratory relief and quiet title and against Plaintiff. The Court denies judgment on Plaintiff's claims.

///

///

///

The Clerk is directed to enter judgment in favor of HR Trust and close this case.

DATED THIS 8th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE